**Affirmed and Opinion Filed April 10, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00047-CR

### EX PARTE BRODEY GARRETT DUKE

**On Appeal from the County Court at Law No. 2**
**Grayson County, Texas**
**Trial Court Cause No. 2014-2-0848**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Brown
Opinion by Justice Bridges

Brodey Garrett Duke appeals the trial court's order denying him the relief sought by his pretrial application for writ of habeas corpus. In a single issue, appellant contends the trial court erred in denying relief because double jeopardy bars retrial after a defense-requested mistrial was granted. We affirm the trial court's order.

BACKGROUND

On May 29, 2011, appellant was arrested for evading arrest in a boat, which occurred on May 28, 2011. He was subsequently charged with the offense by information. The State provided appellant's trial counsel with discovery on January 5, 2012 in accordance with their agreement. A jury trial began on May 22, 2013. During testimony outside the presence of the jury, Game Warden Randolph McGee stated he pursued a speeding boat driven by appellant. McGee described an audio CD he had brought to the trial court that contained the radio traffic

exchanged during the chase of appellant's boat. McGee testified he had obtained the recording the morning of the trial. He explained that his first request to the Grayson County Sheriff's Office for the recording went unanswered. He made a second request, and received the CD on the morning of trial. McGee testified that when he produced the CD to the prosecutor before the trial began, he was told to "hold on to it, it was not going to be used." When questioned about the CD by the trial court, the prosecutor stated he had not listened to the CD and did not know whether or not it contained exculpatory evidence. Appellant's trial counsel moved both for a mistrial and to dismiss the case. The trial court initially overruled the motions, then recessed the proceedings to give the parties a chance to listen to the CD. When the proceedings resumed, the trial court reopened defense counsel's motion for mistrial and granted that motion on the grounds of prosecutorial misconduct. The trial court denied the motion to dismiss on the grounds of double jeopardy.

On July 21, 2014, the Grayson County District Attorney's Office refiled the evading arrest case against appellant. On January 7, 2015, appellant filed a pretrial application for writ of habeas corpus asserting that retrial was barred by double jeopardy due to prosecutorial misconduct for failure to disclose exculpatory evidence. After a hearing, the trial court denied appellant relief.

## APPLICABLE LAW

The double jeopardy provisions of the federal and Texas constitutions protect a citizen from repeated attempts at prosecution for the same criminal offense. *Ex parte Wheeler*, 203 S.W.3d 317, 322 (Tex. Crim. App. 2006). The double jeopardy provisions prohibit a retrial of a case after the defendant requests and is granted a mistrial only if the prosecution intentionally commits manifestly improper conduct with the intent to provoke that mistrial. *See Oregon v.*

*Kennedy,* 456 U.S. 667, 672–73 (1982); *Ex parte Lewis*, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007). We review the trial court's ruling on a pretrial writ of habeas corpus for an abuse of discretion. *Ex parte Wheeler*, 203 S.W.3d 317, 322 (Tex. Crim. App. 2006). In conducting this review, we determine whether manifestly improper prosecutorial misconduct provoked the mistrial; whether the mistrial was required because the prejudice produced from that misconduct could not be cured by an instruction to disregard; and whether the prosecutor engaged in that conduct with the intent to goad the defendant into requesting a mistrial. *Id*. at 323–24.

In reviewing the trial court's decision to grant or deny habeas corpus relief, we view the facts in the light most favorable to the trial judge's ruling. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). We will uphold the trial court's ruling absent an abuse of discretion. *Id*. In conducting our review, we afford almost total deference to the judge's determination of the historical facts that are supported by the record, especially when the facts are based on an evaluation of credibility and demeanor. *Id*. We afford the same amount of deference to the trial judge's application of the law to the facts, if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *Id*. If the resolution of the ultimate question turns on an application of legal standards, we review the determination de novo. *Id*.

An applicant for habeas corpus relief must prove his claims by a preponderance of the evidence. *Kniatt v. State,* 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). The applicant also bears the burden of ensuring that a sufficient record is presented to show error requiring reversal on appeal. *See Ex parte Chandler,* 182 S.W.3d 350, 353 n. 2 (Tex. Crim. App. 2005); *Ex parte Kimes,* 872 S.W.2d 700, 703 (Tex. Crim. App. 1993).

ANALYSIS

In a single issue, appellant contends the trial court erred in concluding the State's failure to produce the audiotape of the officers' transmission during the pursuit did not require dismissal of the case and that double jeopardy does not bar a retrial. Appellant asserts he is being subjected to "multiple harassing prosecutions," and because the trial court found the evidence withheld by the State was "exculpatory," it should have granted the relief sought. Appellant asserts he established the State intentionally provoked appellant into requesting a mistrial, and that double jeopardy now bars retrial. The State responds that the trial court did not abuse its discretion in denying habeas corpus relief.

The record shows McGee brought the CD to the trial court on the date he was scheduled to testify. When he told the prosecutor about its existence, he was told to "hang on to it." The trial court questioned McGee and the prosecutor about the details of when the audiotape's existence was known, when it was produced, and whether the prosecutor had listened to it. The trial court recessed the proceedings to give trial counsel time to review the material. Counsel stated on the record that he believed exculpatory evidence was contained on the CD. The trial court granted counsel's motion for mistrial, but denied counsel's motion to dismiss based upon double jeopardy because counsel had not shown that the prosecutor's conduct was intentional or caused counsel to move for mistrial.

The record shows no prosecutorial misconduct intended to goad appellant into requesting a mistrial. *See Kennedy*, 456 U.S. at 679; *Ex parte Lewis*, 219 S.W.3d at 371. Thus, appellant has not carried his burden to show that the State's reprosecution of him is barred by double jeopardy. *See Kniatt*, 206 S.W.3d at 664.

We conclude the trial court did not abuse its discretion in denying appellant the relief sought by his application for writ of habeas corpus. We overrule appellant's issue.

We affirm the trial court's order denying the relief sought by the pretrial application for writ of habeas corpus.

Do Not Publish
Tex. R. App. P. 47

150047F.U05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE BRODEY GARRETT DUKE

No. 05-15-00047-CR

Appeal from the County Court at Law
No. 2 of Grayson County, Texas (Tr.Ct.No.
2014-2-0848).
Opinion delivered by Justice Bridges,
Justices Fillmore and Brown participating.

Based on the Court's opinion of this date, the trial court's order denying the relief sought by the pre-trial application for writ of habeas corpus is **AFFIRMED**.

Judgment entered April 10, 2015.